UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC, | Case No. 25-cv-07992-NW |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| KEVIN BYRNE, et al., | |
| Defendants. | |

United States District Court
Northern District of California

Plaintiff initiated this case on September 19, 2025.  ECF No. 1.  On December 31, 2025, the Court ordered Plaintiff to seek an entry of default pursuant to Fed. R. Civ. Pro. 55(a) by January 30, 2026.  ECF No. 14.  Plaintiff timely sought an entry of default on January 6, 2026, but the Clerk of Court declined to enter default because Plaintiff failed to provide a specific address for service.  ECF No. 16.

On February 12, 2026, the Court issued a docket order noting that Plaintiff had not filed a corrected request for entry of default.  ECF No. 17.  The Court ordered Plaintiff to correct the request for entry of default by February 20, 2026, or dismiss their action.  *Id*.  The Court set a compliance hearing for Tuesday, March 17, 2026, at 10:00 a.m.  *Id*.  Additionally, the Court ordered that: "[i]f Plaintiff receives a declination from the Clerk of Court for the renewed request, Plaintiff must correct any deficiency or dismiss prior to the March 17, 2026 hearing."  *Id*.  Pursuant to the Court's Standing Order for all Civil Cases, other than case management hearings, all hearings "shall be held in person unless otherwise noted or if leave is granted.  Parties wishing to appear via Zoom shall file and serve an administrative request to appear via Zoom and a proposed order at least one week prior to the scheduled hearing date."

On February 20, 2026, Plaintiff filed a second motion for entry of default.  ECF No. 18.

The Clerk of Court declined to enter default because Plaintiff had not included sufficient tracking information and failed to establish proof of service to the named recipient at the designated address. ECF No. 19. To date, Plaintiff has not filed a corrected request for entry of default.

On March 16, 2026, at 11:14 p.m., Plaintiff's counsel filed an administrative motion to appear remotely at the next morning's compliance hearing. ECF No. 20. Counsel offered no good cause for either the substance or the untimeliness of the request. Instead, counsel stated the untimeliness of the request was "inadvertent" and the basis for the request was that counsel was located outside the Northern District and it would reduce costs if he appeared by video conference.

On March 17, 2026, Plaintiff's counsel appeared for the compliance hearing by video conference without leave of Court. When asked why Plaintiff had not renewed and corrected their requests for entry of default, Plaintiff's counsel explained only that he had been in contact with third-party Google to gather more information about Defendant and that he planned to request a third-party subpoena.

Plaintiff is ordered to show cause why this case should not be dismissed pursuant to the Court's February 12, 2026 Order requiring Plaintiff to "correct any deficiency or dismiss prior to the March 17, 2026 hearing," ECF No. 17, and for repeatedly failing to comply with Court orders, including orders regarding timely requests for entry of default and the Court's Civil Standing Order regarding appearance at Court hearings.

If Plaintiff opposes the order to show cause, Plaintiff must file an opposition by no later than **April 8, 2026**. A hearing on the order to show cause is set for **April 22, 2026, at 2:00 p.m.** in Courtroom 3, 5th Floor, Federal Courthouse, 280 South First Street, San Jose, California. Plaintiff must appear at the hearing in person; no remote appearances are permitted. Plaintiff's failure to timely file an opposition, or counsel's failure to appear at the hearing in person will result in the Court dismissing this action without prejudice. *Id*.

**IT IS SO ORDERED.**

Dated: March 19, 2026

Noël Wise
United States District Judge